## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN MICHIGAN

LENA HENDRIX,

       Plaintiff,

                               Case No.

v.

                               Hon.

DVA RENAL HEALTHCARE, INC. d/b/a
DAVITA DIALYSIS and RENALTREATMENT
CENTERS – ILLINOIS, INC. d/b/a DAVITA
DIALYSIS,

       Defendants.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Lena Hendrix (hereinafter "Hendrix"), by and through her attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1.     Plaintiff, Lena Hendrix, is a resident of the City of Roseville, County of Macomb and State of Michigan.

2.     Defendant, DVA Renal Healthcare, Inc. (hereinafter "DVA") is a foreign corporation whose resident agent is CSC-Lawyers Incorporating Service (Company) and whose registered office address is 2900 West Road, Suite 500, East Lansing, Michigan 48823 and who is duly authorized to do business in the Eastern District of Michigan.

3.     Defendant, Renal Treatment Centers – Illinois, Inc. (hereinafter "Renal") is a foreign corporation whose resident agent is CSC-Lawyers Incorporating Service (Company) and whose registered office address is 2900 West Road, Suite 500, East Lansing, Michigan 48823 and who is duly authorized to do business in the Eastern District of Michigan.

4.     Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

5.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

6.     Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendants constituting unlawful discrimination/harassment consisting of disability discrimination, sexual harassment, and retaliation in violation of the Americans with Disability Act of 1990 ("ADA") and the Michigan Persons With Disability Act, MCLA §37.1101, *et seq*., ("PWDCRA") which resulted in emotional and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

7.   Plaintiff incorporates by reference paragraphs 1 through 7 of the Complaint as though fully set forth herein.

8.   Plaintiff began her employment with Defendant, DVA in 2006 as a Dialysis Technician.

9.   Plaintiff suffers from a substance abuse addiction which is a disability as it substantially interferes with major life activities.

10.   In August, 2021 Plaintiff contacted CIGNA to inquire into a rehabilitation program for her substance abuse.

11.   CIGNA referred Plaintiff to the DaVita Rehab program where Plaintiff worked with a representative who arranged for Plaintiff to attend a substance abuse rehab program ("rehab") in Memphis, Tennessee.

12.   Plaintiff exercised her use of FMLA leave and attend the substance abuse rehab program from August 18, 2021 until October 1, 2021.

13.   Plaintiff was discharged from on October 1, 2021 and has remained clean and sober since her discharged.

14.   After her discharged from rehab Plaintiff remained under doctor's care and participating in an Intensive Out-Patient Program

15.   While under doctor's care and participating in the i Intensive Out-Patient Program Plaintiff was harassed by her supervisor about when she could

return to work saying she needed her to return.

16. On or about November 15, 2021 Plaintiff was released to return to work after testing negative for any substances and participating in the Intensive Out-Patient Program required by DVA.

17. On November 15, 2021 Plaintiff advised her supervisor and DVA the she was cleared to return to work.

18. After advising her supervisor and DVA that she was cleared to returned to work, Plaintiff's supervisor began "ghosting" Plaintiff by ignoring her calls and refusing to respond to Plaintiff's calls and texts.

19. Plaintiff remained committed to returning to work and persisted in attempting to contact her supervisor and after multiple texts and calls, but her supervisor never responded so on November 29, 2021 Plaintiff returned to work despite his supervisor ever responding to her calls

20. When Plaintiff returned to work was met with hostility and resentment from her superiors and co-workers due to her disability and use of FMLA leave.

21. Despite returning to work on November 29, 2021 Plaintiff's supervisor refused to put Plaintiff on the schedule or tell her when she was scheduled to work so Plaintiff had to show up to work everyday at 4:00 a.m. to make sure she did not miss a shift.

22.    On December 16, 2021 Plaintiff reported to People Services that she was being subjected to a hostile work environment due to her disability and use of FMLA.

23.    Despite Plaintiff's complaint to People Services she was continued to be treated with hostility and resentment from her co-workers and supervisors due to her disability and use of FMLA leave.

24.    On December 22, 2021 Plaintiff followed up with People Services to check on their investigation and what remedial measures they were or would be taking and let them know that she was still being subjected to a hostile work environment.

25.    On December 29, 2021 Plaintiff was terminated for her disability, use of FMLA leave and complaints of harassment and discrimination and being subjected to a hostile work environment, but Defendant fabricated a pretextual reason to justify her wrongful termination.

26.    At all times relevant, Plaintiff was acting as an employee of Defendant.

27.    Defendant, through its agents, representatives and employees, were predisposed to harass and discriminate against Plaintiff on the basis of her disability and acted in accordance with that predisposition.

28.    Defendant's actions were intentional, or were carried out with

reckless indifference to Plaintiff's rights and sensibilities.

29. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") for Defendant's violations of the ADA and FMLA.

30. On or about December 8, 2022, the EEOC issued a Right to Sue letter, which Plaintiff received a few days later.

## COUNT I
## AMERICANS WITH DISABILITY ACT OF 1990

31. Plaintiff incorporates by reference paragraphs 1 through 30 of the Complaint as though fully set forth herein.

32. At all times relevant, Plaintiff suffered from substance abuse addiction and was in recovery of her substance abuse which is a disability under the ADA, which Defendant regarded as a disability and which substantially interferes with major life activities.

33. Pursuant to the ADA, Plaintiff is guaranteed the right to be free from harassment, discriminatory treatment and/or discharge from her employment by her employer and/or supervisors based upon her disability or perceived disability.

34. Plaintiff was subjected to an offensive and hostile work environment due to her disability and complained to Defendant's People Services department multiple times that she was being subjected to an offensive and hostile work environment, but Defendant refused to take prompt remedial measures.

6

35. Plaintiff's disability was a factor in employment decisions, including her termination.

36. Defendant was Plaintiff's employer within the meaning of the ADA.

37. Plaintiff has been subjected to discriminatory and retaliatory treatment based upon her disability, her perceived or regarded disability, and her request for accommodations, by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected.

38. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the ADA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

39. Defendant and tis agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

    a. Violating the laws against discrimination by failing to provide Plaintiff with a reasonable accommodation for her disability.

    b. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

    c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

    d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

40.     As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant and its agents and employees.

41.     Because of the unlawful conduct of Defendant, its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants in an amount in excess of $75,000.00, plus punitive/exemplary damages, together with costs, interest, attorney fees and any other relief this Honorable Court deems appropriate.

**COUNT II**
**VIOLATIONS OF THE MICHIGAN PERSONS**
**WITH DISABILITY ACT, MCLA §37.1101, *ET SEQ.***

42.     Plaintiff incorporates by reference Paragraphs 1 through 41 above as though more fully set forth herein.

43.     Plaintiff suffers from substance abuse addiction and was in recovery of her substance abuse which is a disability under the Michigan Persons with Disability Civil Rights Act MCLA §37.1101, *et seq.* (PWDCRA).

8

44.     Plaintiff was subjected to an offensive and hostile work environment due to her disability and complained to Defendant's People Services department multiple times that she was being subjected to an offensive and hostile work environment, but Defendant refused to take prompt remedial measure

45.     Pursuant to the Michigan Persons with Disability Civil Rights Act MCLA §37.1101, *et seq.*, Plaintiff is guaranteed the right to be free from harassment, discriminatory treatment and/or discharge from her employment by her employer and/or supervisors due to her disability.

46.     Plaintiff's disability were a factor in Defendant's employment decisions, including, but not limited to refusing to accommodate her.

47.     Defendant was Plaintiff's employer within the meaning of the PWDCRA.

48.     Plaintiff has been subjected to discriminatory treatment based upon her disability by Defendants, its employees and agents to the point where her status as an employee has been detrimentally affected and terminated by Defendant due to her disability.

49.     Plaintiff is entitled to exemplary and compensatory damages pursuant to the PWDCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

50.     Defendant and its agents, employees and representatives violated the

PWDCRA by reason of the following acts and/or omissions:

    a. Violating the laws against discrimination by refusing to accommodate
       Plaintiff;

    b. Preventing Plaintiff from having full and fair opportunities to her
       employment based upon her disability.

    c. Terminating Plaintiff due to her disability and/or Defendant's
       perception of Plaintiff's disability.

51.     Defendant owed Plaintiff as a disabled employee, a duty to adequately

advise their employees to refrain from harassing and/or discriminating against her

due to her disability, but Defendant breached that duty and refused/failed to take

remedial measures.

52.     As a direct and proximate result of Defendants' discrimination of

Plaintiff on the basis that she had a disability or was perceived by Defendant to be

a person with a disability Plaintiff has sustained injuries including, but not limited

to:

    a. Economic damages;

    b. Mental anguish;

    c. Embarrassment;

    d. Anxiety;

    e. Emotional distress;

    f. Loss of self-esteem.

10

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants in an amount in excess of $75,000.00, plus exemplary and compensatory damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT III
## VIOLATION OF THE FMLA

53.     Plaintiff incorporates by reference paragraphs 1 through 52 of the Complaint as though fully set forth herein.

54.     Defendant, DVA was Plaintiff's "employer" within the meaning of the FMLA.

55.     Plaintiff requested and was approved for intermittent FMLA leave to allow her to be placed in rehab for her disability.

56.     Plaintiff's medical leave was protected under FMLA and approved by the Defendant, DVA.

57.     Defendant violated the FMLA by harassing, discriminating against, and/or retaliating, including termination against the Plaintiff in significant part because she exercised rights under the FMLA, by terminating Plaintiff.

58.     As a direct and proximate result, Plaintiff has sustained damages including, but not limited to loss of income and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages,

11

together with costs, interest, attorney fees and punitive/treble damages as allowed by statute and any other relief this Honorable Court deems appropriate.

## COUNT IV
## DISCRIMINATION IN VIOLATION OF 29 U.S.C. § 2614(a)(1)

59.   Plaintiff incorporates by reference paragraphs 1 through 58 of the Complaint as though fully set forth herein.

60.   Defendant, DVA was Plaintiff's "employer" within the meaning of the 29 U.S.C. § 2614(a)(1).

61.   "Employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions", including termination.

62.   Plaintiff engaged in activity protected by the FMLA when she requested and was approved for FMLA leave.

63.   The FMLA leave were approved by Defendant.

64.   Defendant took adverse action against Plaintiff by requiring she return from FMLA leave early and then terminating her after she returned from FMLA leave.

65.   As a result of Plaintiff asserting her right to a FMLA leave, she was subjected to adverse employment action including termination.

66.   As a direct and proximate result, Plaintiff has sustained damages including, but not limited to the following:

12

    a.     Loss of income;

    b.     Loss of fringe benefits;

    c.     Emotional pain and suffering;

    d.     Severe mental anguish and distress;

    e.     Embarrassment and humiliation;

    f.     Fright, shock, and mortification;

    g.     Loss of earnings and other employment benefits;

and

    h.     Costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary/treble damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT IV
## RETALIATION

67.    Plaintiff incorporates by reference paragraphs 1 through 66 of the Complaint as though fully set forth herein.

68.    Pursuant to the Americans with Disabilities Act of 1990, and the Michigan Persons with Disabilities Act, MCLA §37.1101, *et seq*., Plaintiff is guaranteed the right to be free from discrimination from her employer and/or supervisors based her disability.

13

69. Plaintiff's disability was a factor in Defendants' employment decisions.

70. Defendant was Plaintiff's employer within the meaning of the ADA and PWDCRA.

71. During the course of her employment with Defendants, Plaintiff was subjected to unwelcome harassment and discrimination based on her disability.

72. The harassment created a hostile work environment and had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

73. Plaintiff complained to Defendants, that she was being discriminated she was being subjected to a hostile work environment due to the harassment based on her disability and use of FMLA leave.

74. Defendant had actual and constructive notice that it was creating an intimidating, hostile and offensive work environment for Plaintiff.

75. Despite having notice of the discrimination and harassment of Plaintiff, Defendant failed to take any remedial action, but instead took adverse employment action against Plaintiff in retaliation for her complaints of harassment and discrimination due to and because of her disability.

76. The discrimination, harassment and conduct by Defendant and Defendant's failure to take any remedial action violate the ADA and PWDCRA.

14

77.     As a result of Plaintiff's complaints of discrimination and harassment, Defendant, including its employees, agents and representatives retaliated against Plaintiff by terminating her.

78.     Plaintiff is entitled to exemplary, compensatory, and punitive damages pursuant to the ADA and PWDCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

79.     As a proximate result of the Defendant's retaliation of Plaintiff, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor against Defendants in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/ Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800
    sbatey@bateylaw.com

Dated: February 16, 2023

## **DEMAND FOR JURY TRIAL**

NOW COMES, Plaintiff, Lena Hendrix, by and through her attorney's, Scott

P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all

issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By:  /s/ Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800
    sbatey@bateylaw.com

Dated:  February 16, 2023

16